Our next case is 4090943, the People v. Mackenzie Matthews. We have for the appellant, Ms. Terrence, and for the appellee, Ms. Ambrose. Good morning. I represent Mackenzie Matthews, and this present appeal arises from his convictions for aggravated unlawful use of weapons and unlawful use of a weapon by a felon. The appeal addresses five issues. The first, whether the trial court committed error when it failed to ask the jurors about their understanding of the specific 431B principles. The second, whether the state failed to prove the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. Third, whether the trial court erred when it responded to the fact that in McLean County, circuit clerk's office must be vacated. And five, whether the defendant is entitled to additional $5 credit. This morning, I would like to address one issue, and that is whether the trial court abused its discretion when it answered a factual question posed by the jury. I am, of course, happy to answer any questions. Can you keep your voice up a little, please? Yes, Your Honor. The United States Constitution, as well as the state constitution here in Illinois, guarantees its citizens the right to remain silent, the right against self-incrimination, and that corresponding right not to testify at trial. In this case, the trial court violated those constitutional rights of Mr. Matthews when it abused its discretion by answering a factual question posed by the jury in such a manner that it provided new evidence to the jury and compelled testimony from Mr. Matthews that he had chosen not to give. Illinois case authority has repeatedly held that a trial court abuses its discretion when it answers factual questions from a jury that would cause the court to express an opinion which would likely direct the verdict one way or another. Here, the trial court received a purely factual question from the jury. During deliberations, the jury asked, did Mr. Matthews state to the police that he was out of town and the car was being used while he was gone before this trial started? The trial court answered with, responding to your specific question, there is no evidence in the record that Mr. Matthews stated to the police that he was out of town and that the car was being used by another person while he was gone. The jury is reminded that the defendant was and is under no obligation to speak to the police or testify. You continue to deliberate and to consider only the evidence presented to you during the trial. Here, the trial court's answer to the question expressed an opinion that likely directed the verdict in favor of the state. The jury wanted to know additional information. They wanted to know, had Mr. Matthews offered up the defense beforehand that he's now offering? At trial, the defense was presented through one witness, Ricky Smith. He was the passenger in the car at the time that it was stopped. Mr. Smith had stated that he had the car a week prior while Mr. Matthews had been out of town in Chicago. And while he had the car, he placed the guns in the car without the knowledge of Mr. Matthews. The trial court, after hearing argument by the prosecutor and defense counsel, discovered that Mr. Matthews had indeed invoked his right to remain silent and decided not to speak to the police. The court felt that it was important to truthfully and meaningfully answer that factual inquiry by the jury. As a part of its ruling, and this is from the record, it's volume 12, page 16, the court says, so the court has to traverse the issue of responding truthfully and meaningfully to the jury that Mr. Matthews did not make such a statement. And I don't think the court can respond in that fashion because I don't know whether he made such a statement or not, but there is no evidence of it. So I think in some fashion, there has to be a rendering to the jury of something responsive to their inquiry. And it is something along the lines of there is no testimony or there is no evidence in the record that Mr. Matthews stated to the police anything, or more specifically, that he was out of town and that the car was being used while he was gone. The most specifically responsive thing would be the latter of those two versions. Now did the defense submit that answer? The defense objected to being explicit in the response. You being more explicit in the response? In your suggested response? In this suggested response by the court, the defense objected. Initially, the trial court proposed a more general response, which was the court is unable to comment concerning the facts and evidence. It is for the jury to recall the evidence and to determine the facts. That was the first version that was proposed. The defense suggested that version. And after much debate, the court determined that it needed and wanted to answer the question for the jury. Well, isn't that because an opening statement defense counsel proffered the information that was never testified to during the trial that Mr. Matthews didn't know anything about the guns being in the car? Yes, Your Honor. There was a lot of conversation about that opening statement. But I propose that the state has waived their right to challenge it based on that. There was no objection by the state at that time. And this is evidence that the defense could have never presented. The defense could have never had the defendant testify to a prior exculpatory statement. It would have been self-serving. The police officers couldn't have testified to the statement because it was mere hearsay without any exception to allow it in. So this is evidence that could have never gotten in. It was evidence that was not objected to at the time by the state. And quite frankly, even if it was sort of an invited error, the trial court had no authority to answer this factual question. This was evidence, new evidence, to the jury that was unimpeachable. It could not be cross-examined by the defense counsel. The trial court, in essence, took upon itself to resolve an issue that was part of the jury's duty and the right of the defendant to have the jury decide that issue. What was the court's answer to the question? What did he say to the jury? The court said specifically to the jury, responding to your specific question, there is no evidence in the record that Mr. Matthews stated to the police that he was out of town and that the car was being used by another person while he was gone. The jury is reminded that the defendant was and is under no obligation to speak to the police or testify. You continue to deliberate and to The response went too far. I think that the trial court was attempting to help the jury, but it went too far. And the jury had all the evidence before it and it should have deliberated upon that evidence and not relied on this additional evidence offered by the court. In providing this factual evidence to the jury, the court favored the state because now the jury was well aware that there was no corroboration to be offered for Ricky Smith's testimony. The defense was completely undermined by this statement. Given the weakness of the state's case, because the only evidence here that Mr. Matthews knowingly possessed these weapons was the fact that he owned the car. And where the court is saying, listen, he never denied it to the police, there is no evidence that he ever denied it to the police. That resolution likely tilted the balance in favor of the state. And because of that, I ask that you find that the trial court did abuse their discretion and vacate Mr. Matthews' convictions. And if you have any other questions, I'll be happy to answer them, but that's all that I have this morning. Yes, ma'am. Thank you. Ms. Ambrose? Granted, the state did not object when defense counsel referred to what would have been inadmissible evidence when he made his opening statement. But later on when this issue arose, he pointed out that the jury was confused. They thought there was something out there. They thought the opening statement constituted evidence and that the jury had to be corrected about that. And that's what swayed the court to make the response that it did. It didn't tell the jury that the defendant did not make a statement. It said that there was no evidence to that effect. There's a distinction between those two. The court would have crossed the line had it said, no, the defendant did not make any statements. That would have been erroneous. It said that there's no evidence. And of course, they're told to consider only the evidence that's here. The defendant has to show this is a plain error argument because he did not preserve this or save it for review. But the bottom line is, first of all, there's no error whatsoever. I've cited some cases in my brief where there's a problem at trial such as when, I think in Brown, when there was a lot of evidence about a prior incident. The jury got confused, thought they could convict the defendant of the prior incident instead of the incident that was charged. The instruction that was given was defective and the court said, no, I have to set them straight. This court said that the jury's confusion was understandable. And so under those circumstances, you have to, there was a lot of extensive other conduct evidence that under those facts, the trial court has a duty to specifically and accurately answer the jury's questions. Same thing in Flynn where the jury wanted to know why there were five charges originally and then there were only four. The court said they should have told the jury that one of them was Nolly Cross. Sometimes the circumstances as they arise at trial will cause a jury to be confused. And in this case, you had defense counsel telling them in opening statement that you're going to hear from two police detectives who heard the defendant telling Smith when they were in separate rooms, but they were having a conversation that he had no idea there were guns in the automobile. He had to have known and the court said there was no good basis for him to believe that that kind of evidence would be admissible. And he crossed the line there. And as a result of that, the jury was confused. Given that, the court had a right and did what was appropriate in telling them that there is no evidence to that effect. And again, it did not tell the jury. It did not give them additional factual material. It told them what was evidence and what was not. Well, the jury had already been instructed, assuming Judge Rainer used IPI, that the opening statements and closing arguments of counsel are not evidence. That's true. And of course, you know, I had the case of Bunning and you said this was not good enough because the giving of the IPI alone is not always curative. And I think that's what we had here. The court made certain that the jury was not confused as to what was evidence and what wasn't. And so it also made the curative or it reminded the jury that the defendant did not have to say anything. And in fact, defense counsel throughout jury selection said, well, he told the jury that he was probably going to advise the defendant not to take the stand and he hoped that was not an effective assistance of counsel. So he laid the seats there for that argument that probably the defendant wanted to take the stand that his attorney was advising him not to. So I don't think the jury was, the jury was well aware that the defendant did not have to say anything. It's defense counsel here made an error. And again, that came back to haunt him later on and the court had to set it straight for the jury. Are there, one other question, one other remark is she's saying that the evidence was really weak and that it only concerned the car. Well, in addition to the fact that he was the owner of the car, you have the fact that he pulled into a house that was suspected of drug dealing and that was elicited by defense counsel. The officer was alarmed about that. The jury knew that he was a felon and one officer said it's commonplace for people to conceal contraband, something that's illegal in that area behind the glove box. You also have the fact that he had been driving the car for at least an hour before he was stopped by the police and that's according to Ricky Smith. And he was savvy enough not to try and extend the stop of the vehicle, whereas Smith gave the police a false name, which then gave them additional time to get a canine sweep. And Smith then told the police after he was arrested, I had no idea there were guns in the car, this is his vehicle, I didn't come to Bloomington to get into this kind of trouble. So the evidence was not closely balanced as to his constructive possession of these firearms. What about your argument that this should be remanded for imposition of another conviction for felon's possession of more than one firearm? Well, the jury found that he was in constructive possession of two firearms. The legislature has now said that there is to be a sentence for each of them. Was he charged? He wasn't charged. No, he was charged with, the information said unlawful possession of I think a firearm. It pains me to, the Diggins decision came out after he was convicted of this offense, but certainly he would be on notice of what the statute says. You have no authority for that argument? No, I don't. Thank you. Thank you Ms. Ambrose. I just want to touch on two points. One, to say that the trial court did not tell the jury that the defendant did not make that statement ignores the fact that you and I know the legal connotations that go with the terminology of no evidence in the record. But a late person jury does not know. And the jury was told by the judge, I'm going to respond to your specific question. You asked, did he make the statement to the police? I'm saying there's no evidence that he made that statement to the police. How is that wrong? It's wrong because the jury didn't need to get additional information outside of the trial process by the trial court. The jury had all of the information put together, giving new information to the jury that allowed it to make a decision in favor of the state. Secondly, the cases that the state does cite to that allow the trial court, persuades the trial court, suggest that the trial court should address confusion with the jury, deal with legal questions. The jury is the judge of all things factual. The jury has to make factual determinations. They have to determine what the facts that they've heard from witnesses mean to them. The trial court is not in that position. The defendant has a right to have the jury make those determinations for him. And that's all that I have. Thank you counsel. We'll take this matter under advisement and move on to the next case.